NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ROBIN SMOTHERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-1224 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed September 11, 2015.

Appeal from the Circuit Court for
Highlands County; William D. Sites, Judge.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SALARIO, Judge.

In this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), Robin

Smothers challenges the revocation of her community control and the resulting

sentences on her underlying convictions for battery on a law enforcement officer and

resisting arrest with violence. We affirm the revocation and sentences without comment

and write only to correct scrivener's errors apparent on the face of the original written judgment and the order of revocation.

In August 2010, Ms. Smothers entered a negotiated plea of no contest and was placed on two concurrent four-year terms of probation. Ms. Smothers' probation was subsequently revoked, and she was placed on community control. The written judgment lists Count I as battery on a law enforcement officer and Count II as resisting an officer with violence, including references to the corresponding statutes. In so doing, the judgment erroneously recites that Count II is a violation of section 784.021, Florida Statutes, when, in fact, resisting an officer with violence is a violation of section 843.01, Florida Statutes. The information and the plea form reflect the correct statutory section.

There is also a scrivener's error in the order of revocation. The order states that Ms. Smothers admitted to violating conditions "(5), (7), (2), (15), (10), (3), [and] (4) as stated in the second amended affidavit dated February 15, 2013." Based on the record before us, condition (15) should have been listed as condition (16) and condition (4) as special condition (4).[1] We therefore remand for the limited purpose of correcting the written judgment to accurately reflect the underlying charge with which Ms. Smothers was convicted and the order of revocation to identify the actual conditions of community control she admitted to violating. McMullen v. State, 145 So. 3d 951, 951-52 (Fla. 2d DCA 2014); Margolis v. State, 148 So. 3d 532, 532 (Fla. 2d DCA 2014).

---

[1]The second amended affidavit refers interchangeably to the conditions of the order of probation and the conditions of the order of community control. Each order contains both standard and special conditions. The standard conditions in each are identical. The special conditions, however, differ. It is clear from the record that Ms. Smothers admitted to a violation of special condition (4) of her order of community control.

Affirmed; remanded with instructions.


NORTHCUTT and BLACK, JJ., Concur.